UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| THOMAS POWERS,         | )              |
|------------------------|----------------|
| Plaintiff,             | )              |
|                        | )              |
| v.                     | )   14-CV-3201 |
|                        | )              |
| GREGG SCOTT, et.al.,   | )              |
| Defendants.            | )              |
|                        | )              |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* The Plaintiff alleges Director Gregg Scott, Security Director Eric Kunkel, Food Service Supervisor Steven Dredge and Security Therapy Aid Wanda Pennock violated his constitutional rights. Specifically, the Plaintiff says he is a Kasruth Observant Messaianic Hebrew and the Defendants have substantially burdened his ability to practice his faith.

For instance, the Plaintiff says Defendants Kunkel and Dredge have refused to allow him the opportunity to meet with a Chaplain, Clergy Member or any other Religious Advisor. The Plaintiff says

inmates of other faiths are allowed to meet with spiritual leaders. The Plaintiff further claims his religion requires him to eat kosher meals, but Defendant Dredge does not provide food which is kosher and the meals which are provided are unpalatable and repetitive. The Plaintiff says the unappetizing meals are "a form of harassment, punishment and retaliation" for the added expense of providing kosher meals at the facility.

Finally, the Plaintiff says Defendant Pennock conducts a retaliatory search at every religious service. The Plaintiff says the retaliatory searches are part of an "unwritten policy" instituted by Defendant Scott. In addition, the Plaintiff says Defendant Pennock ended one service after only fifteen minutes.

## ANALYSIS

Pretrial detainees and other persons who have been involuntarily committed do not lose their First Amendment rights to freely exercise religion just because they are incarcerated. *See Al-Alamin v. Gramley,* 926 F.2d 680, 686 (7th Cir.1991). The First Amendment entitles a detainee to practice his or her religion so long as the practice does not unduly burden the institution. *Richards v. White,* 957 F.2d 471, 474 (7th Cir.1992) (citing *Hunafa v. Murphy,*

907 F.2d 46, 47 (7th Cir.1990))  In addition, the Religious Land Use and Institutionalized Persons Act (RLUIPA) provides that institutions receiving federal financial assistance may not "impose a substantial burden on the religious exercise" of an institutionalized person unless it is the "least restrictive means" of furthering a "compelling governmental interest." 42 U.S.C. § 2000cc–1(a)(2).

The Plaintiff has adequately alleged Defendants Scott and Kunkel violated his First Amendment Rights and his rights pursuant to RLUIPA when they denied him the opportunity to meet with a religious leader.  The Plaintiff has also alleged Defendants Scott and Kunkel violated his Fourteenth Amendment equal protection rights when they allowed prisoners of other faiths to receive visits with religious leaders. *See Beiler v. Jay Cnty. Sheriff's Office*, 2012 WL 2880563 (N.D. Ind. July 13, 2012)( Fourteenth Amendment's equal protection clause prohibits discrimination and requires the evenhanded treatment of all religions).

In addition, the Plaintiff has stated a First Amendment and RLUIPA claim against Defendant Dredge for failure to provide kosher meals.  However, the Plaintiff's claim that the meals were

unappetizing and repetitive does not rise to the level of a constitutional violation. *Stanley v. Page*, 44 F. Appx 13, 15 (7th Cir. 2002)(repetitious, unappetizing food does not constitute "extreme deprivations cognizable under the Eighth Amendment."); *see also Dove v. Broome County Correctional Facility*, 2011 WL 1118452 at 11 (N.D.N.Y. Feb, 17, 2011)(the Plaintiff cannot provide any authority for the proposition that the denial of kosher food in prison would rise to the level necessary to be deemed cruel and unusual under the Eighth Amendment).

The Plaintiff has also failed to articulate any retaliation claim. To state a First Amendment retaliation claim, the Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009) (*quoting Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008)); *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). The Plaintiff has failed to identify

any activity protected by the First Amendment which sparked retaliatory action. Therefore, the Plaintiff has not stated any claim based on the searches before or after religious services.

The Plaintiff has not articulated any other claim against Defendant Pennock. The fact that she abruptly ended one religious service on one occasion does not rise to the level of a constitutional violation.

The Plaintiff is admonished that he can only seek injunctive relief for his claims pursuant to RLUIPA. The Seventh Circuit has declined "to read RLUIPA as allowing damages against defendants in their individual capacities." *Nelson v Miller*, 570 F.3d 868, 885, 889 (7th Cir. 2009); *see also Maddox v Love*, --F.3d–, 2011 WL 3690049 at 5 (7th Cir. Aug. 24, 2011). Therefore, the Plaintiff can only seek injunctive relief for his RLUIPA claims against Defendants Scott, Kunkel and Dredge.

Finally, the Plaintiff has filed a motion to waive the partial filing fee accessed by the court. [7] The Plaintiff's trust fund ledgers over a six month period indicated an average monthly income of $44.50. The Plaintiff has not demonstrated good cause to waive the

partial fee of $22.25 and his motion is denied. The court will allow the Plaintiff additional time to pay the fee.

**IT IS ORDERED:**

**1. Plaintiff's motions to proceed in forma pauperis are granted.[3, 5]. His motion to waive the partial filing fee is denied.[7] He must pay the entire $22.25 fee within fourteen days of this order.**

2. Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims: a) Defendants Scott and Kunkel violated Plaintiff's First Amendment Rights and his rights pursuant to RLUIPA when they denied him the opportunity to meet with a religious leader; b) the actions of Defendants Scott and Kunkel also violated Plaintiff's Fourteenth Amendment equal protection rights; and, c) Defendant Dredge violated Plaintiff's rights pursuant to the First Amendment and RLUIPA when he failed to provide kosher meals. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's

discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. **The Clerk is directed to dismiss Defendant Wanda Pennock for failure to state a claim upon which relief can be granted.**

12. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures and set an internal court**

**deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED: August 11, 2014.

FOR THE COURT:

                                  s/Sue E. Myerscough
                                _____
                                  SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE